ALVIN D. WALLACE, Respondent, *v.* THE SYRACUSE, BINGHAMTON AND NEW YORK RAILROAD COMPANY, Appellant.

*Examination of officers of a railroad before trial to determine whether the plaintiff was injured on its train or that of another company using its tracks.*

Where, in an action brought to recover damages for personal injuries sustained by the plaintiff upon a railroad train, the issue is presented whether the plaintiff was a passenger upon the defendant's train or upon the train of another railroad company using the defendant's tracks, it is proper to grant the plaintiff's application for an examination of the defendant's officers before trial, in order to enable him to prove that the train in question was either the defendant's train or one under its control.

APPEAL by the defendant, The Syracuse, Binghamton and New York Railroad Company, from an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Cortland on the 14th day of March, 1898, granting the plaintiff's motion to examine two officers of the defendant before trial.

*W. S. Jenney*, for the appellant.

*Nathan L. Miller*, for the respondent.

LANDON, J.:

The action is to recover upon account of injuries which the plaintiff alleges he received while a passenger upon defendant's cars. The pleadings present the issue whether the plaintiff was a passenger upon defendant's train of cars at the time of his alleged inju-

ries. The Delaware, Lackawanna and Western Railroad Company also runs its trains over the defendant's tracks, and the plaintiff's affidavits show that he needs the testimony of the officers of the defendant to prove that the train he was upon was the defendant's. Thus the examination sought is practically that of the corporation defendant. (*Davies* v. *Lincoln Nat. Bank*, 19 N. Y. St. Repr. 905.) It is probable that exact knowledge whether the train was the defendant's is confined to the officers of the companies. It is objected that these officers can be examined upon the trial. That objection sometimes has weight, but we do not think it is fatal in this case. The business of both corporations is affected by the public use, and we think it was a proper exercise of discretion for the Special Term, in the interest of a passenger who was in the enjoyment of his right to such use, to examine before trial the officers of the defendant, in order to enable him to prove, if such was the fact, that the train was either the defendant's, or under its control. Further than this the examination is not necessary.

The order should be modified by granting examination as to the four particulars last specified in plaintiff's affidavit, and as thus modified affirmed, without costs.

All concurred.

Order modified by granting examination as to the four particulars last mentioned in plaintiff's affidavit, and as thus modified affirmed, without costs.